IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH DEMARCO, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-075 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS and TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On April 2, 2014, petitioner, a state prisoner confined in the Allred Unit in Wichita County,

Texas, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody.

Petitioner is confined pursuant to four March 10, 2009 convictions for aggravated sexual assault of

a child, sexual assault of a child, and indecency with a child (two counts). This petition challenges

the conviction for one count of indecency with a child and the resulting twenty-year sentence handed

down in cause number 19,222-A in the 47th District Court of Randall County, Texas.[1] Respondent

filed a Motion to Dismiss as Time Barred with Brief in Support on May 31, 2014, and the submitted

relevant state court records on June 9, 2014. Petitioner did not respond to the motion to dismiss.

For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that

---

[1]Petitioner has filed a total of four separate federal habeas petitions challenging the convictions handed
down on March 10, 2009: (1) Civil Action No. 2:14-CV-075 (this case) wherein he challenges his conviction for
indecency with a child in cause number 19,222-A; (2) Civil Action No. 2:14-CV-076 wherein he challenges his
conviction for indecency with a child in cause number 19,223-A; (3) Civil Action No. 2:14-CV-083 wherein he
challenges his conviction for aggravated sexual assault of a child in cause number 20,535-A; and (4) Civil Action
No. 2:14-CV-084 wherein he challenges his conviction for sexual assault of a child in cause number 20,545-A.

respondent's motion be GRANTED, and the petition for a writ of habeas corpus be DISMISSED as time barred.

## II.
## PETITIONER'S ALLEGATIONS

In his petition, petitioner alleges his 2009 conviction for indecency with a child was unlawful because:

1.     Petitioner was denied due process and a fair trial when the trial court commented on the evidence in the presence of the jury during the guilt phase.

2.     Petitioner was denied due process, a fair trial, and equal protection when the trial court refused to sever his joined cases pursuant to state statute that lessens the burden of proof against persons accused of multiple child sex offenses.

## III.
## THE PETITION IS NOT TIMELY FILED

### A.  Time Limitations

This case is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999).  The motion to dismiss is subject to the AEDPA's timeliness provisions.  The pertinent provisions of that statute state:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . [or]

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2244(d)(1).  Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.   The Time Line in Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(A)

According to the habeas corpus petition, the date of the judgment of conviction in petitioner's case was March 10, 2009.  Petitioner did not directly appeal his conviction.  Therefore, the conviction became final thirty days after the entry of judgment, which was April 9, 2009.  *See* Tex. R. App. P. 26.2(a)(1).  Absent any tolling, the one-year AEDPA limitations period expired April 10, 2010.

Petitioner, through his present attorney, filed a state habeas corpus application challenging the same conviction challenged in this federal petition but did not file the state action until October 16, 2012.  On March 20, 2013, the Texas Court of Criminal Appeals dismissed the application without written order.  *In re DeMarco,* App. No. WR-78,708-01.  Petitioner's federal habeas corpus petition was filed on April 2, 2014.

Without consideration of the state habeas corpus application, petitioner's federal petition was due on April 10, 2010 but was not filed until April 2, 2014.  The federal petition was almost four years late.  Even considering the state habeas corpus proceedings, however, the federal petition still does not meet the requirements of 28 U.S.C. § 2244(d)(1)(A).  Petitioner did not begin the state habeas corpus process until October 2012, more than two years after the federal AEDPA statute of limitations expired.  Since he did not file his state habeas petition until after the expiration of limitations, the state application did not toll the AEDPA time period.  *See* 28 U.S.C. § 2244(d)(1) (indicating the AEDPA time period is only tolled by state actions taken *within* the one year after the

conviction's finality).  There is no scenario by which the instant petition is timely filed under 28 U.S.C. § 2244(d)(1)(A).

*C. Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(B)-(D)*

Regarding the other subsections of § 2244(d)(1), petitioner makes no claim the other subsections are applicable and the applicability of those subsections is not apparent from this court's review.  Therefore, Petitioner's claims should be dismissed as time barred.

IV.
RECOMMENDATION

The claims petitioner has presented in his federal petition are time barred.  It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss be GRANTED, and that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL JOSEPH DEMARCO, JR. be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of July, 2014.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).